**STATE OF MAINE**
**CUMBERLAND, ss.**

**SUPERIOR COURT**
**LOCATION: PORTLAND**
**DOCKET NO. RE-2018-16**

Deutsche Bank National Trust Company, as
Trustee on behalf of the certificateholders of
the HSI Asset Securitization Corporation
Trust 2007-HE2
          **Plaintiff**
          vs.
William Henry Chase III
          **Defendant**
Mortgage Electronic Registration Systems,
Inc. as nominee for Mortgage Lenders
Network USA, Inc.
          **Party-In-Interest**

**AGREED ORDER OF FORECLOSURE**
**AND SALE**
**TITLE TO REAL ESTATE IS INVOLVED**

**MORTGAGED PREMISES:**
706 Spectacle Pond Road
Porter, ME 04068
Book 528, Page 217

NOW COMES the Plaintiff, Deutsche Bank National Trust Company, as Trustee on behalf of the certificateholders of the HSI Asset Securitization Corporation Trust 2007-HE2, and the Defendant, William Henry Chase III, by and through their undersigned counsel, and hereby submit this Agreed Order of Foreclosure and Sale. The parties stipulate to the facts as follows:

1.      That Defendant has breached the condition of Plaintiff's mortgage deed, dated February 9, 2007, and recorded in the Oxford County Registry of Deeds in **Book 528, Page 217** in connection with the property located at 706 Spectacle Pond Road, Porter, ME 04068.

2.      That Plaintiff is owed the following under its Note and Mortgage as of November 9, 2017:

| | |
|---|---|
| Principal: | $160,136.34 |
| Accrued interest: | $ 18,369.47 |
| Escrow Advance: | $ 20,302.87 |
| Advance Balance: | $  8,066.20 |
| Total: | $206,874.39 |

a.      additional reasonable expenses incurred by Plaintiff after November 17, 2017 in connection with this action, including the completion of the foreclosure or in connection with a redemption;

b.      additional prejudgment interest accruing on said principal balance after

REC'D CUMB CLERKS OFC
JAN 31 '18 PM1:49

November 9, 2017 at the rate of 4.59500% per annum pursuant to the note and post-judgment interest rate of 6.65% pursuant to 14 M.R.S.A., section 1602-C.

    c.      any amounts advanced by Plaintiff to protect its mortgage security.

3.     The order of priority of the claims of the parties to this action is as follows:

FIRST:      The Plaintiff, by virtue of its mortgage in the above amounts and attorney's fees.

SECOND:    Mortgage Electronic Registration Systems, Inc. as nominee for Mortgage Lenders Network USA, Inc., in the amount of $100,000.00

THIRD:     The Defendant

4.     The Plaintiff's claim for attorney's fees is integral to the relief sought, within the meaning of Rule 54(b)(2) of M.R.Civ.P., and there is no just reason for delay in the entry of final judgment for Plaintiff on all claims, except for the claim for expenses incurred for the following reasons:

    a.      Upon entry of this judgment, the time periods under 14 M.R.S.A., section 6322 and section 6323 will begin to run even though this judgment, if not entered as final, is subject to later revision;

    b.      The Plaintiff and any bidders at the foreclosure sale will be exposed to some risk and the sales results prejudiced if the judgment is subject to later revision;

    c.      Any dispute regarding Plaintiff's claim for expenses incurred may be resolved by Defendants filing a motion contesting Plaintiff's Report of Sale, pursuant to 14 M.R.S.A., section 6324.

**WHEREFORE,** it is hereby ordered and decreed that if Defendant does not pay the Plaintiff the amount due, together with accrued interest and late charges as set forth above, within ninety days of the date hereof, Plaintiff shall sell the mortgaged real estate pursuant to 14 M.R.S.A.

§6323 and disburse the proceeds of said sale after deducting the expenses thereof, to the Plaintiff in the amount due on its mortgage and attorney's fees and costs, and the surplus, if any, as outlined in paragraph 3 above.

This judgment does not seek any personal liability of the Defendant as affected by any bankruptcies filed but only seeks an In Rem Judgment against the property.

The Plaintiff will pay the Defendant a Fee in the amount of $7,500.00* upon confirmation that this Order has been completed.

***Plaintiff specifically agrees to waive any deficiency which may be associated with this loan and this judgment shall not establish any personal liability of the Defendant for the debt secured by the mortgage but shall operate as to the real estate described in the mortgage***

Plaintiff is granted exclusive possession of the real estate mortgaged to it upon expiration of the statutory ninety (90) day redemption period and Defendant is ordered to vacate the real estate at that time if Defendant has not by that date redeemed the real estate in accordance with statutory procedure. A Writ of Possession shall be issued to Plaintiff for possession of said real estate if it is not redeemed, as aforesaid.

The following provisions are set forth pursuant to 14 M.R.S.A. section 2401:

1. The names and addresses, if known, of all parties to the action, including the counsel of record, are set forth in Schedule A attached hereto.

2. The docket number is **RE-2018-16**.

3. The court finds that all parties have received notice of the proceeding in accordance with the applicable provisions of the Maine Rules of Civil Procedure.

4. A description of the real estate involved is set forth in Schedule B attached hereto.

5. The Plaintiff is responsible for recording the attested copy of the Judgment and for paying the appropriate recording fees.

The Clerk is hereby directed to enter this Judgment as a final judgment pursuant to Rule

*# $3,750.00 was already paid following entry of the Declaratory Judgment*

54(b)(1), except as to expenses incurred by Plaintiff after November 17, 2017, and the Plaintiff shall specify expenses incurred after November 17, 2017 in its Report of Sale, which shall be deemed a timely application for award of additional attorney's fees, notwithstanding the requirements of M.R.Civ.P. Rule 54(b)(3) to file such application within sixty (60) days after judgment subject to the aforesaid waiver of deficiency. Defendant may contest the Report of Sale and application for additional attorney's fees by filing a motion pursuant to 14 M.R.S.A. section 6324.

The Clerk is specifically directed, pursuant to M.R.Civ.P. Rule 79(a) to enter this Judgment on the civil docket by a notation incorporating it by reference.

Dated: /2-1-17

Respectfully submitted:

John A. Doonan, Esq., Bar No. 3250
Reneau J. Longoria, Esq., Bar No. 5746
Attorney for Plaintiff
Doonan, Graves & Longoria, LLC
100 Cummings Center
Suite 225D
Beverly, MA 01915
(978) 921-2670

William Henry Chase III
Defendant
William Henry Chase III
18 Center Road
Temple, ME 04984

So ordered

Dated: 1/21/18

Justice, Superior Court

Date entered into the docket: _____